UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN,<br><br>Plaintiff,<br><br>v.<br><br>NASTRAN HASHEMI, M.D.,<br><br>Defendant. | **CASE No. 1:16-cv-1399-DAD-MJS (PC)**<br><br>**ORDER**<br><br>**1. DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**2. DIRECTING PLAINTIFF TO PAY FILING FEE**<br><br>**(ECF NO. 2)**<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion to proceed in forma pauperis.

Court records reveal that Plaintiff has incurred three or more strikes within the meaning of 28 U.S.C. 1915(g). Pursuant to that statute, "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1    The Court takes judicial notice of the following three cases from the Southern
2 District of California: (1) <u>Bridgeman v. San Diego County, et al.</u>, Civil Case No.
3 3:10-cv-2470-WQH-BGS (S.D. Cal. June 21, 2011) (dismissing action for failing to state
4 a claim and failing to comply with a court order); (2) <u>Bridgeman v. Education Dep't, et al.</u>,
5 Civil Case No. 3:11-cv-0387-JLS-CAB (S.D. Cal. June 24, 2011) (dismissing First
6 Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) &
7 1915A(b); and (3) <u>Bridgeman v. Records Clerk, et al.</u>, Civil Case No. 3:11-cv-0390-IEG
8 (BLM) (S.D. Cal. May 19, 2011) (dismissing First Amended Complaint for failing to state
9 a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)).

10    Thus, the only question before the Court is whether Plaintiff is under imminent
11 danger of serious physical injury. The imminent danger exception applies if "the
12 complaint makes a plausible allegation that the prisoner faced 'imminent danger of
13 serious physical injury' at the time of filing." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055
14 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger,"
15 meaning the prisoner must allege that prison officials have continued with a practice that
16 has injured him or others similarly situated in the past. <u>Id.</u> at 1056-57.

17    A prisoner seeking to invoke the imminent danger exception in § 1915(g) must
18 make specific, credible allegations of imminent danger of serious physical harm. <u>McNeil</u>
19 <u>v. U.S.</u>, 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing <u>Kinnell v. Graves</u>, 265 F.3d
20 1125, 1127-28 (10th Cir. 2001), and <u>White v. Colorado</u>, 157 F.3d 1226, 1232 (10th Cir.
21 1998)). Vague, speculative, and non-specific allegations are insufficient. See <u>Pauline v.</u>
22 <u>Mishner</u>, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory
23 allegations of possible future harm to himself or others are insufficient to trigger the
24 "imminent danger of serious physical injury" exception to dismissal under § 1915(g));
25 <u>Cooper v. Bush</u>, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that
26 he will commit suicide, or that he has already attempted suicide and will do so again, are
27 insufficient to show imminent danger); <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074, 1077
28 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to

beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Plaintiff brings this action against a single Defendant, Dr. Nastran Hashemi, for conduct that occurred on August 8, 2016. On that day, Plaintiff was experiencing severe generalized body pain with accompanying "black wart like projections," "excessive growth of horny tissue," and "black tissue scarring" on his feet, shins, arms and face. Dr. Hashemi examined Plaintiff and gave him an antibiotic cream. Plaintiff accuses Dr. Hashemi of being deliberately indifferent to Plaintiff's pain and skin condition and improperly labeling Plaintiff's problems as self-inflicted.

Even liberally construed, Plaintiff's allegations do not suggest a potential for imminent serious physical harm to Plaintiff. Plaintiff is therefore not entitled to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's application to proceed in forma pauperis is DENIED; and

2. Plaintiff shall pay the $400 filing fee within fourteen (14) days of this Order. Failure to pay the filing fee or otherwise respond to this Order will result in a recommendation to dismiss this action.

IT IS SO ORDERED.

Dated:   October 24, 2016          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

3