UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NASTRAN HASHEMI, M.D.,<br><br>　　　　Defendant. | **CASE No. 1:16-cv-1399-DAD-MJS (PC)**<br><br>**ORDER VACATING OCTOBER 24, 2016, ORDER (ECF NO. 7); AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**1. DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**2. DIRECT PLAINTIFF TO PAY $400 FILING FEE**<br><br>**(ECF NO. 2)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion to proceed in forma pauperis.

Court records reveal that Plaintiff has incurred three or more strikes within the meaning of 28 U.S.C. 1915(g).[1] Pursuant to that statute, "[i]n no event shall a prisoner

---

[1] The Court takes judicial notice of the following three cases from the Southern District of California: (1) Bridgeman v. San Diego County, et al., Civil Case No. 3:10-cv-2470-WQH-BGS (S.D. Cal. June 21, 2011) (dismissing action for failing to state a claim and failing to comply with a court order); (2) Bridgeman v. Education Dep't, et al., Civil Case No. 3:11-cv-0387-JLS-CAB (S.D. Cal. June 24, 2011) (dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b);

bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, the only question remaining is whether Plaintiff is under imminent danger of serious physical injury.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations

---

and (3) Bridgeman v. Records Clerk, et al., Civil Case No. 3:11-cv-0390-IEG (BLM) (S.D. Cal. May 19, 2011) (dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)).

are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Plaintiff brings this action against a single Defendant, Dr. Nastran Hashemi, for conduct that occurred while he was housed at the California Substance Abuse and Treatment Facility in Corcoran, California. Plaintiff contends that on August 8, 2016, he was experiencing severe pain all over his body with accompanying "black wart like projections," "excessive growth of horny tissue," and "black tissue scarring" on his feet, shins, arms and face. Dr. Hashemi examined Plaintiff that day and gave him an antibiotic cream. Plaintiff accuses Dr. Hashemi of being deliberately indifferent to Plaintiff's pain and skin condition and improperly labeling Plaintiff's problems as self-inflicted. These allegations do not suggest a potential for imminent serious physical harm to Plaintiff. Plaintiff is therefore not entitled to proceed in forma pauperis.

The Court's October 24, 2016, Order (ECF No. 7) undertook to address directly the issue raised herein.  After reflection, the Court elects to refer the matter to the assigned District Judge via findings and recommendations.  Accordingly, IT IS HEREBY ORDERED that the October 24, 2016, Order (ECF No. 7) be VACATED; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and
2. Plaintiff be directed to pay the $400 filing fee within fourteen days from the adoption of these findings and recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   October 31, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE